DEPARTMENT FOR HUMAN RESOURCES, Movant,

v.

R.G. and J.G. and S.H., Respondents.

Supreme Court of Kentucky.

Feb. 16, 1984.

Lucy B. Richardson, Frankfort, for movant.

Oliver H. Barber, Thomas J. Banzsyznski, Louisville, for R.G. and J.G.

John Cox, Louisville, for S.H.

GANT, Justice.

This action involves competing adoptive parents who have taken disparate routes in seeking to adopt a profoundly mentally retarded and physically handicapped child. The facts of the case are basically undisputed.

The parental rights of both parents of this child were terminated about 1971; the child was committed to the Department for Human Resources at that time, and the Jefferson Circuit Court awarded the full custody, care and control to the Department. The child had been under institutional care for most of his almost 14 years, the last facility being Outwood Treatment Center. While at Outwood, the child was treated by Lynea Pollock, a physical therapy assistant, who on June 1, 1979, expressed an interest in adopting this child. Immediately thereafter, the Department began working toward a placement with Lynea and her then husband, who were living in Ohio. This involved consultation and evaluation by the Ohio authorities and, after the first favorable evaluation, the husband and wife were divorced. This occasioned a second evaluation, which was also favorable, and the placement was approved in September, 1981, by both Kentucky and Ohio. During the pendency of this procedure, and after the Outwood Center had been phased out, the child had been placed in the home of the Grays, respondents herein, in December, 1980, under a program to provide community treatment for children such as this child. There is no dispute that this was a temporary placement, and not for the purpose of adoption. On October 14, 1981, when the Department sought to place the child with Lynea Pollock, the Grays refused to relinquish custody, and the Department, on October 16, 1981, filed a Petition for Intermediate Entitlement to Custody. On October 19, 1981, the respondents filed a Petition for Adoption and, on the following day (October 20), made written application to receive this child pursuant to KRS 199.473.

In a letter dated December 30, 1981, the Commissioner of the Department denied the application on the ground that "[p]lans had already been made for adoptive placement . . . with an approved adoptive home able to provide him with appropriate care, thus he is not available for placement

through the independent process." The letter of denial further informed the Grays that within 10 days they might appeal the denial to the Jefferson Circuit Court.

The custody petition by the Department, the adoption petition, and the appeal from the denial of approval were all consolidated for trial. The lower court, on January 27, 1982, dismissed the Petition for Adoption, set aside a Restraining Order which had permitted the child to remain with the Grays pending this process, and granted the Petition for Entitlement. On appeal, the Court of Appeals affirmed the orders dismissing the Petition for Adoption and dissolving the Restraining Order, but remanded the action to the lower court for a hearing as to whether the Commissioner for Human Resources had acted "arbitrarily, unlawfully or abused its discretion" when it was decided that the Grays' application to receive the child be denied. We affirm the Court of Appeals on its holding regarding dismissal of the Petition for Adoption and dissolution of the Restraining Order, but reverse the part of its opinion which remands this case for further hearing.

KRS 199.472 reads as follows:

Adoption of Children Regulated.—(1) The Cabinet shall establish criteria to be followed for the adoption of children and promulgate this criteria by administrative regulations.

(2) The Cabinet shall file the regulations as provided for in KRS Chapter 13 with the legislative research commission.

Pursuant to this authority, which authority is not questioned by the respondents herein, the Department has promulgated such regulations in 905 KAR 1:010, et seq. These regulations thoroughly cover the procedure for an individual to apply for the adoption of a child, including a specific child which has been *previously committed* to the Department for Human Resources. The respondents herein attempted to proceed under KRS 199.473, which is entitled "Placement of Children by Private Person, Procedure." This statute then goes on to provide, as it relates to this case, that any person who desires to receive a child can make written application to the Secretary of the Department for permission to receive the child, that upon receipt of the application investigation shall be made, that if the application is denied a hearing shall be held in the circuit court, upon appeal, to determine whether the Department has acted arbitrarily, unlawfully, or has abused its discretion, etc. However, of principal emphasis, in our opinion, is KRS 199.473(5) which provides:

Nothing in this statute shall be construed to limit the authority of the Cabinet or a licensed child placing institution or agency to determine the proper disposition of a child committed to it by the juvenile session of district court or the circuit court, prior to the filing of an application to place or receive.

It is our opinion that Paragraph (5) clearly differentiates between a child who has been committed to the Department prior to application being made by a private individual and one who has not been committed to the Department. The Department has had a long practice of utilizing the procedures provided for in 905 KAR 1:010 for children who had been committed to the Department for reasons of abuse, neglect, abandonment, etc., and utilized KRS 199.-473 for those cases in which no commitment was necessary or justified by the facts. Examples of the latter utilization would be adoption by a stepparent of the spouse's child where the other parent was deceased, adoption by relatives where both parents were deceased, and other situations which would obviate the necessity of a commitment to the Department which would be a useless function. We see no reason to disturb this procedure. We do not believe that the statutes and regulations executed pursuant to statute provide two methods for attaining the same goal, which would result only in confusion. It is therefore our opinion, as heretofore set out, that KRS 199.473 does not pertain to adoption of children whose parental rights have been previously terminated and/or who have been committed to the Department prior to application under that statute. In the instant case, the

parental rights of this child's parents were terminated in 1971 and the child had been committed to the Department in April of that year. This was some ten and one-half years prior to the application by the respondents herein.

The respondents herein must fail even should KRS 199.473 apply to a child previously committed to the Department. Paragraph (2) of that statute provides for appeal of the refusal to the circuit court. Herein, the grounds for the refusal were clearly stated to be that, due to a previous placement in an approved home, the child was simply not available. The lower court has heard arguments and found, in its Findings of Fact and Conclusions of Law, that this was true, that the child was not available, and that the denial was not "arbitrary, capricious, unreasonable or predicated upon erroneous factual determination." This is all that KRS 199.473(2) requires, even should it pertain. The thrust of respondents' argument, when the chaff is blown away, is that they were denied an opportunity to prove that theirs was an excellent home for the child, possibly better than that of Lynea Pollock. However, this is not the criterion. We quake at the thought of the additional burden upon overloaded courts if they were required to engage in qualitative comparisons in instances where one home has already been approved before another even applies.

Under the facts of this case, we find no abuse in the discretion of the trial judge in the determination that the finding of the Department that the child was not available for placement was not arbitrary, unlawful or an abuse of discretion by the Department.

The Court of Appeals is affirmed in its opinion that the Petition for Adoption be dismissed and the restraining order dissolved, reversed in its remand for further hearing, and the judgment of the Jefferson Circuit Court is affirmed.

All concur except VANCE and WINTERSHEIMER, JJ., who dissent and file separate dissenting opinions.

VANCE, Justice, dissenting.

The majority opinion reaches a result which I think is warranted if we were enacting legislation, but I find nothing in the statute enacted by the General Assembly which restricts the right of prospective adoptive parents as this opinion restricts them. I would affirm the decision of the Court of Appeals.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I believe it gives the Department for Human Resources unlimited and unreviewable discretion.

The Department has discretion over children committed to it only before and until the filing of an application. It must then conduct an investigation and make findings of fact.

It is not the practice of the Department that is important, it is the true legislative intent about which we must be concerned. I am troubled by the situation that no one, including the children, has standing to challenge the possible arbitrariness of the Department's action. There is no requirement of any review or hearing.

The end result of the majority opinion gives the Department absolute freedom to make an adoptive placement which may not necessarily be in the best interests of the child. I believe the best interests of the child is the overriding and compelling standard mandated by the legislature.

This decision gives the Department unfettered and unreviewable discretion. I do not believe that such was the intent of the General Assembly. The majority decision renders the last eleven words of KRS 199.-473(5) meaningless. The opening phrase of that section of the statute gives the Department unlimited discretion; the last eleven words should be interpreted as a limitation on the broad grant of authority contained in the preceding phrase.